UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TOTAL CONTROL SPORTS, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**PRECISION IMPACT,**<br><br>Defendant. | CASE NO. 1:17-CV-09281<br><br>JUDGE JOHN ROBERT BLAKEY |

**REPORT OF THE PARTIES' PLANNING MEETING**

1. The following persons participated in a Rule 26(f) conference on April 19, 2018 by telephone conference:

R. Eric Gaum, Esq., Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, Ohio 44114, 216-621-0150, counsel for Plaintiff Total Control Sports, Inc.; and

Carrie A. Bader, Esq., Erise IP, P.A., 7015 College Blvd., Ste. 700, Overland Park, KS 66211, counsel for Defendant Precision Impact.

2. Initial Disclosures. The parties have completed the initial disclosures required by Rule 26(a)(1).

3. Disclosures and Discovery Pursuant to Local Patent Rules. The parties acknowledge that the requirements of the Local Patent Rules apply in this case.

4. Additional Discovery Plan. The parties propose the following in addition to the discovery plan and schedules addressed in the Local Patent Rules:

    a. Each side is permitted 25 interrogatories with responses to the same being due within 30 days of service.

    b. Each side is permitted 30 requests for admissions with responses to the same being due within 30 days of service, but there shall be no limit to requests for admission for the purpose of authenticating documents.

    c. Each party is permitted up to ten (10) factual depositions.

    d. Depositions are limited in length to seven (7) hours of testimony.

    e. Discovery is permitted with respect to claims of willful infringement and defenses of patent invalidity or unenforceability not pleaded by a party, where the evidence needed to support these claims or defenses is in whole or in part in the hands of another party.

5. Alternative Discovery Plan. The parties are not proposing a discovery plan that differs from that provided in the Local Patent Rules. The chart below provides actual dates for the discovery plan pursuant to the Local Patent Rules:

| | |
|---|---|
| 4/16/2018 | Initial Infringement Contentions – LPR 2.2 |
| 5/14/2018 | Initial Non-Infringement, Unenforceability and Invalidity Contentions – LPR 2.3 |
| 5/29/2018 | Initial Response to Invalidity Contentions – LPR 2.5 |
| 9/7/2018 | Final Infringement, Unenforceability and Invalidity Contentions – LPR 3.1 |
| 10/5/2018 | Final Non-Infringement, Enforceability and Validity Contentions – LPR 3.2 |
| 10/12/2018 | Discovery of opinions of counsel opens – LPR 3.6(a) |
| 10/19/2018 | Each party shall serve a list of claim terms to be construed, their proposed constructions, identification of any 112(6) terms and functions – LPR 4.1(a) |

|  |  |
|---|---|
| 10/26/2018 | Meet and confer regarding the lists of claim terms – LPR 4.1(b) |
| 11/16/2018 | Close of Fact Discovery – LPR 1.3 |
| 11/23/2018 | Defendant files opening claim construction brief – LPR 4.2(a) |
| 12/21/2018 | Plaintiff files responsive claim construction brief – LPR 4.2(c) |
| 1/4/2019 | Defendant files reply claim construction brief – LPR 4.2(d) |
| 1/11/2019 | Parties file joint claim construction chart with joint status report – LPR 4.2(f) |
| To be set by the Court. | *Markman* Hearing |
| 35 days after *Markman* Order | Opening Expert Report on Issues on which Party Bears the Burden of Proof – LPR 5.1 |
| 35 days after opening expert reports | Rebuttal Expert Reports – LPR 5.1 |
| 35 days after rebuttal reports | Expert Discovery Cutoff – LPR 5.2 |
| 28 days after expert discovery cutoff | Deadline for filing dispositive motions – LPR 6.1 |

6. Other Dates:

   a. The parties will provide all supplemental disclosures required by Rule 26(e) on or before 11/16/2018.

   b. The final date for the Plaintiff to amend its pleadings or to join parties: June 1, 2018.

   c. The final date for the Defendant to amend its pleadings or to join parties: June 15, 2018.

3

    d. The final date for the parties to submit Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists: <u>To be determined based on trial date</u>.

    e. The final date for the parties to file objections under Rule 26(a)(3): <u>To be determined based on trial date</u>.

    f. Final pretrial conference: <u>To be determined based on trial date.</u>

    g. *Voir dire* and jury instructions: <u>To be determined based on trial date.</u>

7. Other Items:

    a. The parties are discussing potential settlement but it is too early to gauge the prospects for settlement.

    b. Mediation may be a useful alternative dispute resolution procedure in this case but it is too early in the case at this time.

    c. Communications between a party's attorney and a testifying expert relating to the issues on which he/she opines, or to the basis or grounds in support of or countering the opinion, are subject to discovery by the opposing party only to the extent provided in Rule 26(b)(4)(B) and (C).

    d. In responding to discovery requests, each party shall construe broadly terms of art used in the patent field (e.g., "prior art", "best mode", "on sale"), and read them as requesting discovery relating to the issue as opposed to a particular definition of the term used. Compliance with this provision is not satisfied by the respondent including a specific definition of the term in its response, and limiting the response to that definition.

e. The parties agree the video "An Introduction to the Patent System" distributed by the Federal Judicial Center, should be show to the jurors in connection with its preliminary jury instructions.

f. The parties agree that the provisions of Section 3A, B and C of the America Invents Act concerning the revisions to 35 U.S.C. §§ 102, 103 <u>do not</u> apply to all patents-in-suit in this case.

g. There are no other matters at this time.

Respectfully submitted,

| | |
|---|---|
| /s/ Sherry L. Rollo | /s/ Joseph F. Marinelli |
| Steven E. Feldman | Nicholas T. Peters |
| sfeldman@hahnlaw.com | ntpete@fitcheven.com |
| Sherry R. Rollo | Joseph Marinelli |
| srollo@hahnlaw.com | jmarinelli@fitcheven.com |
| HAHN LOESER & PARKS LLP | FITCH, EVEN, TABIN & FLANNERY |
| 125 South Wacker Drive, Suite 2900 | 120 South LaSalle Street, Suite 2100 |
| Chicago, Illinois 60606 | Chicago, Illinois 60603 |
| Tele: 312-637-3000 | Tele: 312-577-7000 |
| Fax: 312-637-3001 | Fax: 312-577-7007 |
| | |
| /s/ R. Eric Gaum | /s/ Carrie L. Bader |
| R. Eric Gaum (*pro hac vice*) | Carrie L. Bader (*pro hac vice*) |
| regaum@hahnlaw.com | Carrie.bader@eriseip.com |
| Christopher R. Butler (*pro hac vice*) | Eric A. Buresh (*pro hac vice*) |
| cbutler@hahnlaw.com | Eric.buresh@eriseip.com |
| HAHN LOESER & PARKS LLP | ERISE IP, P.A. |
| 200 Public Square, Suite 2800 | 7015 College Blvd., Ste. 700 |
| Cleveland, Ohio 44114 | Overland Park, KS 66211 |
| Tele: 216-621-0150 | Tele: 913-777-5600 |
| Fax: 216-241-2824 | Fax: 913-777-5601 |
| | |
| *Attorney for Plaintiff* | *Attorney for Defendant* |
| *Total Control Sports, Inc.* | *Precision Impact* |

5

10148227.1

CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Sherry L. Rollo
Sherry L. Rollo
*Attorney for Plaintiff Total Control Sports, Inc.*

10148227.1